CLEVELAND BAR ASSOCIATION *v.* BRUCATO.

[Cite as *Cleveland Bar Assn. v. Brucato* (1997), 78 Ohio St.3d 67.]

(No. 96–2431—Submitted December 11, 1996—Decided March 26, 1997.)

68

*Robert J. Hanna* and *Charles B. Donahue II*, for relator.

*Richard G. Lillie*, for respondent.

---

*Per Curiam.* In *Disciplinary Counsel v. Williams* (1993), 66 Ohio St.3d 71, 73, 609 N.E.2d 149, 150, an attorney pled guilty to conspiracy to launder profits from illegal drug sales. In *Williams*, we said that "[d]isbarment is the only appropriate sanction," even though the government stipulated that the defendant was the "least culpable participant in the scheme [and] rendered 'substantial, timely, truthful and complete' cooperation with the government and accepted responsibility for his crime." *Id.* at 73, 609 N.E.2d at 150.

In this case, respondent's participation was close to if not greater than the level of the attorney's participation in *Williams*. Here, respondent was the one who arranged for the initial contact between the parties involved in the money-laundering scheme.

In addition, respondent not only failed to provide adequate representation to his client, DiFranco, but he also declined to participate in the investigatory process when informed of the charges against him.

Respondent has pleaded guilty to a felony, violated the Disciplinary Rules with respect to his duty to a client, and has failed to cooperate with a disciplinary investigation, thereby violating the Rules for the Government of the Bar. For these cumulative infractions the appropriate sanction is disbarment, and respondent is hereby disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would indefinitely suspend respondent.