[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 67.]

CLEVELAND BAR ASSOCIATION V. BRUCATO.

[Cite as *Cleveland Bar Assn. v. Brucato*, 1997-Ohio-100.]

*Attorneys at law—Misconduct—Permanent disbarment—Failing to withdraw from employment after being discharged by client—Neglecting an entrusted legal matter—Failing to carry out contract for professional services—Neglecting or refusing to assist in grievance investigation— Conviction of conspiracy to launder money.*

(No. 96-2431--Submitted December 11, 1996--Decided March 26, 1997.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-80.

—————————————

{¶ 1} On October 10, 1995 the Cleveland Bar Association, relator, charged Blaise Brucato of Cleveland, Ohio, Attorney Registration No. 0024797, respondent, with violations of DR 2-110(B)(4) (failing to withdraw from employment after being discharged by a client), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(2) (failing to carry out a contract for professional services), and Gov.Bar R. V(4)(G) (neglecting or refusing to assist in a grievance investigation). The disciplinary charges were based on a complaint by Victoria L. DiFranco, stating that after respondent undertook to represent her in her capacity as guardian for her daughter in an insurance matter in January 1992, respondent failed to do any work, failed to respond to DiFranco's inquires about the matter, failed to respond to the insurance company, and failed to return documents upon request after DiFranco discharged him. The alleged violation of the Government of the Bar rule was included because, after being advised of DiFranco's complaint, respondent did not reply to three written inquiries from relator's Certified

Grievance Committee and did not respond to telephone calls from the committee's investigator.

{¶ 2} On February 15, 1996, respondent entered into a "Plea Agreement" with the local United States Attorney and agreed to plead guilty to the charge of conspiracy to launder money during the period between March and November 1990, in violation of Sections 371 and 1956, Title 18, U.S. Code. The agreement recited that the government could prove that respondent introduced a person whom he believed to be a drug dealer to a branch manager of a bank for the purpose of enabling the person to conduct financial transactions to avoid filing Currency Transaction Reports. As a part of the plea agreement, respondent promised that "prior to his sentencing in this matter he must either voluntarily surrender his license [to practice law] or have initiated disciplinary proceedings." Accordingly, counsel for respondent contacted the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on March 18, 1996 requesting the initiation of disciplinary proceedings. On July 5, 1996, relator amended its pending complaint to add a count that respondent had violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude) and 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

{¶ 3} After a September 1996 hearing, a panel of the board recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

————————————

*Robert J. Hanna* and *Charles B. Donahue II*, for relator.
*Richard G. Lillie,* for respondent.

————————————

*Per Curiam*.

{¶ 4} In *Disciplinary Counsel v. Williams* (1993), 66 Ohio St.3d 71, 73, 609 N.E.2d 149, an attorney pled guilty to conspiracy to launder profits from illegal drug sales. In *Williams,* we said that "[d]isbarment is the only appropriate sanction," even though the government stipulated that the defendant was the "least culpable participant in the scheme [and] rendered 'substantial, timely, truthful and complete' cooperation with the government and accepted responsibility for his crime." *Id*. at 73, 609 N.E.2d at 150.

{¶ 5} In this case, respondent's participation was close to if not greater than the level of the attorney's participation in *Williams*. Here, respondent was the one who arranged for the initial contact between the parties involved in the money-laundering scheme.

{¶ 6} In addition, respondent not only failed to provide adequate representation to his client, DiFranco, but he also declined to participate in the investigatory process when informed of the charges against him.

{¶ 7} Respondent has pleaded guilty to a felony, violated the Disciplinary Rules with respect to his duty to a client, and has failed to cooperate with a disciplinary investigation thereby violating the Rules for the Government of the Bar. For these cumulative infractions the appropriate sanction is disbarment, and respondent is hereby disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would indefinitely suspend respondent.

———————————